

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00289-CR

_____

DENNIS LAMBERTH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Walker County, Texas[1]
Trial Court No. 17-0079, Honorable Tracy M. Sorensen, Presiding

January 10, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Dennis Lamberth, appeals his conviction for the offense of failure to present proof of insurance,[2] and resulting sentence of a $350 fine and court costs.[3]

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. TRANSP. CODE ANN. § 601.051 (West 2011).

[3] *See id.* § 601.008 (West 2011).

Appellant contends that language used in the applicable statute is ambiguous and that the State did not meet its burden of proof. We affirm the trial court's judgment.

Appellant does not dispute that he was lawfully detained for committing a traffic violation and that he was unable to provide proof of financial responsibility. Officer Carroll testified that appellant's insurance was not verifiable through the insurance database that is available in Officer Carroll's vehicle. Appellant offered no evidence that he had a valid insurance policy at the time of the traffic stop leading to the citation.

Rather, appellant's entire argument as to why he should not be found guilty of the charged offense is that the definition of "state" applicable to the statute under which he was charged defines the word to mean "a state, territory, or possession of the United States . . .," *id.* § 601.002(11)(A) (West 2011), but the State's evidence proved only that he was cited while he was within a state (Texas) of the United States *of America*. Because the State did not prove that appellant was cited for an offense committed within a state of the United States without the additional "of America" information, the State has not proven all the elements of its case.

In construing a statute, we are to follow the plain language of the statute unless the language is ambiguous or doing so would lead to absurd results. *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). In the present case, we cannot agree with appellant that the omission of the words "of America" somehow makes the phrase "state of the United States" ambiguous. Furthermore, the plain language of the statute provides that the State needed only prove that appellant operated a motor vehicle in this state (Texas) without financial responsibility for that vehicle. TEX. TRANSP. CODE ANN.

2

§ 601.051. The State did prove each element of the offense in this case and appellant did not contest the State's proof.

For the foregoing reasons, we overrule appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker<br>Justice

Do not publish.